DECISION OF DISMISSAL
This matter is now before the court on Defendant's Motion to Dismiss filed November 28, 2007. A case management conference was held December 13, 2007. Kami Gray participated on her own behalf. Ron Rodwick represented Defendant.
 I. STATEMENT OF FACTS
The subject property is a residential condominium identified as Account R568338. It was purchased by Plaintiff in March 2006 for $862,500. Plaintiff's amended complaint was filed November 14, 2007, and seeks review of the property's assessments for the two tax years 2006-07 and 2007-08.
For the current tax year, 2007-08, Plaintiff has an appeal pending before the Multnomah County Board of Property Tax Appeals (BOPTA). Until an order is issued in that case, this appeal to the Magistrate Division is premature. The 2007-08 tax year appeal must be dismissed.
Plaintiff did not earlier appeal the 2006-07 tax year to BOPTA. She stated that she was unaware of the assessment magnitude and increased taxes due until sometime in January of 2007. She did not open and read the tax statement when it was first received. She also wrote that she was unaware of the appeal process and its filing requirements. As to the 2006-07 tax year, Plaintiff asserts the property's real market value (RMV) should be reduced from $877,690 to $750,000. Defendant requests that the court dismiss both years. *Page 2 
 II. ANALYSIS
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The usual first step in the appeal process is to the local BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1]
However, some situations occur which prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3). That statute provides:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
ORS 305.288(3) (emphasis added).
ORS 305.288 also defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added). *Page 3 
For tax year 2006-07, Plaintiff did not submit an earlier appeal to BOPTA because the tax statement was not studied until a later date. As a result, the court finds good and sufficient cause is lacking for Plaintiff's failure to timely pursue an appeal for those years.
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under this approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * * .
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
ORS 305.288(1) (emphasis added).
Here, the value range alleged by Plaintiff is less than 20 percent. On a review of the pleadings, there is no adequate showing of a gross error.
 III. CONCLUSION
For tax year 2007-08, the appeal is premature to this forum. The court concludes that Plaintiff does not meet the exceptions provided by ORS305.288 for failing to pursue her tax year *Page 4 
2006-07 remedy with BOPTA. The court finds, therefore, that Plaintiff's appeal should be dismissed. Now, therefore,
IT IS THE DECISION OF THE COURT that the above-entitled matter be dismissed.
Dated this ___ day of January 2008.
If you want to appeal this decision, file a complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your complaint must be submitted within 60 days after the date of thedecision or this decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on January10, 2008. The Court filed and entered this document on January 10,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1